AO 472  (Rev. 09/08)  Detention Order Pending Trial (MODIFIED)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No.   4:16 CR 83 HEA (NCC) |
| MICHAEL BRUCE MCDONALD | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1)  There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____.

  ☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☒ involving a minor victim under 18 U.S.C. § 2252A(a)(1).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

At the detention hearing, the parties had no disagreement with the facts set forth in the Pretrial Services Report dated April 20, 2016, with the exception of a minor typographical error on page 1.  The court adopts and incorporates by reference herein the facts set out in that report.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☒ clear and convincing evidence   ☒ a preponderance of the evidence that

There is no condition or combination of conditions that will reasonably assure the Court that Defendant will not be a danger to the community or a person in the community, and will appear as required.

**\*\* CONTINUED ON NEXT SHEET \*\***

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: April 22, 2016                                   /s/ John M. Bodenhausen

United States Magistrate Judge

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of 3

**Part II – Statement of Reasons (continued)**

The government's motion for detention in this matter is aided by a rebuttable presumption of detention due to the nature of the charged offense. Prior to and again at the detention hearing, the undersigned advised Defendant that a rebuttable presumption of detention likely applied to his case. In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community. In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence. See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).

At the detention hearing, Defendant relied on the content of the Pretrial Services Report. The undersigned has considered the entirety of that Report and concludes that the information contained therein does not supply any meaningful evidence to rebut the presumption of detention in this matter.

Defendant has a prior conviction for similar conduct. In 2002, Defendant was sentenced to 48 months of incarceration, in California, on charges that included possessing "minor porn," "kidnapping," and "Sodomy with minor," among other charges. Defendant now resides in the Philippines. Defendant is alleged to have transported images of child pornography and that Defendant took the photographs of the minor children depicted in the images transported.

Therefore, regardless of whether Defendant rebutted the presumption of detention, and based on the facts and circumstances outlined in the Pretrial Services Report, the undersigned finds, by a preponderance of the evidence, there is no condition or combination of conditions that would reasonably assure Defendant's appearance. The undersigned finds by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the Court that Defendant will not be a danger to the community or a person in the community.