IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CR 83 HEA/NCC |
| | ) |
| MICHAEL MCDONALD | ) |
| | ) |
| Defendant. | ) |

## SUPPLEMENT TO MOTION TO SUPPRESS AND ARGUMENT CONCERNING MOTION TO SUPPRESS

COMES NOW defendant MICHAEL MCDONALD, through his attorney, Robert C. Wolfrum, Assistant Federal Public Defender, to file this supplement to his motion to suppress and argument or memorandum concerning his motion to suppress physical evidence.

In the earlier filed motion to suppress, defendant stated, that on March 29, 2016, he was arrested at his residence in Davao, Philippines.  He has been continuously in custody since that arrest.  At the time of his arrest, no warrant had been issued for the seizure or search of any computers or cell phones.  Defendant did not at that time give consent for the seizure or search of any computers or cell phones.  Defendant did not give consent for the search of his home or the seizure or removal of any items therefrom.  Defendant was flown from Davao to Manila, both in the Philippines.  He was incarcerated in Manila until he was returned to the United States.

On April 1, 2016, Mr. McDonald was flown from Manila to the United States, specifically Los Angeles, in the company of at least two FBI agents.  The materials seized from his home were flown along with the defendant from the Philippines to the United States.  Defendant did not personally bring any items out of his home other than medication and clothes he was wearing.  He did not request that

any items be brought or removed from his home other than perhaps his medication.  He was never in possession of any of the listed electronics devices outside of his house.  Defendant did not carry any of the items out of his house.  He never carried any items away from his house.  The items were not in his possession at the time of his arrest.  He never carried the items on to any plane.  He never checked the items in at any airport.  The Government's characterization of these items on page 8 of the "Government's Responses in Opposition to Defendant's Motions to Suppress Physical Evidence and Statements and to Dismiss" as "items that he brought with him from the Philippines" is inaccurate.

Among the items seized from the home of the defendant in the Philippines and brought by United States law enforcement officers to the United States from the Philippines were (1) a DELL Desktop Inspiron 530 Computer, Service Tag Number 3X7XhG1, (2) DELL Laptop Computer Model no. PP31L, CN-OP792H486439430946 A00, and (3) Dell Phone Model No: B88DUO, M_IMEI: 863733012155372, and a camera.

Defendant's earlier filed motion to suppress physical evidence stated that any physical evidence seized from the person or possession or residence of Defendant was seized as a result of searches and other illegal intrusions into Defendant's person and property without a valid search warrant issued upon probable cause, and without consent, and not pursuant to a lawful order or any other legal justification in violation of the Fourth Amendment.

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Constitution, Amendment IV.  The search and seizure here was a governmental search within the protection of the Fourth Amendment.  Evidence procured with the participation of government actors implicates the Fourth Amendment.  *Lustig v. United States*, 338 U.S. 74 (1949); *U.S. v. Newton*, 510 F2d 1149 (7th Cir. 1975).  .

Defendant has since birth been a United States Citizen.  Constitutional protections for the individual were designed to restrict the United States Government when it acts outside this country as well as here at home.  *Reid v. Covert*, 354 U.S. 1 (1957).  Defendant believes and hence alleges that American governmental law enforcement officers had involvement in the seizure of the items from his home in Davao in the Philippines.  Defendant believes and hence alleges that United States governmental law officers worked with government officials of the Philippines prior to his arrest and the seizure of property from his home.  Defendant believes and alleges that the seizure of the property from his home was done at the behest of United States governmental law officers.  Defendant believes and hence alleges that this was a joint venture between Philippine and United States law enforcement officers.

It is a basic principle of Fourth Amendment law that searches and seizures inside a home are presumptively unreasonable.  *Payton v. New York*, 100 S.Ct. 1371, 1380 (1980).

Additionally, Philippine law may be relevant in the determination of the legality of any search and seizure.  *U.S. v. Peterson*, 812 F.2d 486, 490-491 (9th Cir. 1987).  The Constitution of the Republic of the Philippines provides at article III, section 2, "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures of whatever nature and for any purpose shall be inviolable, and no search warrant or warrant of arrest shall issue except upon probable cause to be determined personally by the judge after examination under oath or affirmation of the complainant and the witnesses he may produce, and particularly describing the place to be searched and the persons or things to be seized."  The Constitution of the Republic of the Philippines provides at article III, section 3(2) that evidence obtained in violation of this section shall be inadmissible for any purpose in any proceeding.

BY REASON OF THE FOREGOING, defendant moves that any and all items seized from his home be suppressed and excluded from evidence.

Respectfully submitted,

/s/Robert C. Wolfrum
ROBERT C. WOLFRUM
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Robert_Wolfrum@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Rob Livergood, Assistant United States Attorney.

/s/Robert C. Wolfrum
ROBERT C. WOLFRUM
Assistant Federal Public Defender