UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CR 83 HEA (NCC) |
| | ) | |
| MICHAEL BRUCE MCDONALD, | ) | |
| | ) | |
|      Defendant. | ) | |

**GOVERNMENT'S RESPONSES IN OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO SUPPRESS PHYSICAL EVIDENCE (DOC. #62)**

COMES NOW, the United States of America, by and through Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and for its response in opposition to defendant's "Supplemental Motion to Suppress Physical Evidence" (Doc. #62), states as follows:

## I. INTRODUCTION

The defendant has been indicted on one count of transportation of child pornography. On February 1, 2017, defendant filed his motion to suppress evidence. First, defendant moved to suppress the electronic evidence seized from his suitcase claiming that the search was warrantless and that no exceptions to the search warrant exception applied. Second, defendant moved to suppress his statements claiming that his statements were involuntary made. Third, defendant moved to dismiss the Indictment arguing that the term "lascivious" was unconstitutionally vague. The Government responded to defendant's motions.

Defendant filed his supplement to motion to suppress (Doc. #56), and argued that his

1

home in the Philippines was illegally searched and the items seized from the Philippines should be suppressed. The Government responded to defendant's motion.

Here, defendant filed his supplement to motion to suppress (Doc. #62), arguing that a warrantless searches were conducted of defendant's Dell Desktop Inspiron Computer and defendant's Dell Laptop Computer. The Government does not intend on introducing any evidence pertaining to the Dell Laptop computer and so it will not address the search of that device. This response is limited to the reexamination of the Dell Desktop Computer's forensic image.

## II. FACTS

The Government will rely on its factual statement in its original response, and the additional facts:

Defendant's Dell Desktop Computer was taken into FBI custody on April 1, 2016, when defendant arrived in the United States. It was sent to FBI's St. Louis office on May 4, 2016, and received on the following day in St. Louis. When it was received, defendant's computer was logged into evidence at the FBI's St. Louis Office. On May 17, 2016, Det. Michael Slaughter, an FBI task force officer, checked out the Dell Desktop Computer and took it to the St. Louis County Police Department.

On May 24, 2016, SA Nikki Badolato applied for and received a search warrant to search and seize defendant's Dell Desktop Computer, and other items. *See* 4:16 MJ 6072 PLC. On May 25, 2016, Det. Slaughter started his analysis of defendant's computer and other devices.

To conduct his forensic analysis, Det. Slaughter first dissembled defendant's Dell Desktop Computer. He removed the hard drive from the computer and made a forensic image of

the hard drive using a write blocker. A write blocker is a device that allows the imaging or copying of the hard drive and protects the data on the hard drive from being changed or modified. Det. Slaughter placed the forensic image on a server so that he could forensically analyze it.

Det. Slaughter examined the entire contents of the forensic image for emails between the defendant and an email address used by Sgt. Kavanaugh for a specific period of time. Although he observed images of child pornography, he did not locate the emails he was searching for and concluded that there was nothing of evidentiary value contained on the forensic image.

In May of 2017, Det. Slaughter was asked to check the forensic image again within the parameters of the search. Around May 24, 2017, Det. Slaughter accessed the forensic image on his server and began to re-check the image. Det. Slaughter noted the items within the parameters of the search warrant that he located on the forensic image, such as images of child pornography. The Government plans to use some of this evidence if this matter proceeds to trial.

Defendant contends that this reexamination of the forensic image required a second search warrant. The Government contends that the reexamination fell within the scope of the original warrant.

### III. LEGAL ANALYSIS

As stated above, the Government contends that Det. Slaughter's reexamination of the forensic image, the copy of the hard drive, fell within the scope of the search warrant. Federal Rule of Criminal Procedure 41(e)(2)(B), discusses sets for the procedure to be used for a warrant seeking electronically stored information:

A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media

3

or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

Fed. R. Crim. P. 41(e)(2)(B).

The search warrant in this case permitted officers to search defendant's Dell Desktop Computer, and other devices. Nothing in the warrant limited the time period for later review of the computer or its forensic image. Here, Det. Slaughter just reexamined the forensic image located on his server. He did not reexamine the defendant's computer, itself, only the image. There was no language in the search warrant that prohibited the reexamination. Therefore, Det. Slaughter was permitted to search under Rule 41.

Therefore, the reexamination of the forensic image by Det. Slaughter fell within scope of the search warrant in 4:16 MJ 6072 PLC, and no additional search warrant was required.

Finally, even if the Court determines that a second search warrant was required, the evidence should not be suppressed under the inevitable discovery doctrine. *See* Gov.'s Response (Doc. #50), at p. 10. Det. Slaughter could have obtained a second search warrant because none of the evidence on the Dell Computer's hard drive had changed. Probable cause existed at the time of the original search warrant and continues to exist to this day.

4

## IV. CONCLUSION

For all of the foregoing reasons, the defendant's motion to suppress evidence should be

denied.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


/s/ Robert F. Livergood
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2017, the foregoing was filed electronically with the Clerk of the

Court to be served by operation of the Court's electronic filing system upon the following:


Mr. Robert Wolfrum
Assistant Federal Public Defender.

/s/ Robert F. Livergood
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney