IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16 CR 83 HEA/ NCC ) |
| MICHAEL MCDONALD | ) ) ) |
| Defendant. | ) |

**SUPPLEMENTAL MOTION TO SUPPRESS STATEMENTS**

COMES NOW defendant MICHAEL MCDONALD, through his attorney, Robert C. Wolfrum, Assistant Federal Public Defender, to file this supplemental motion to suppress statements. Leave to file this motion was granted by the Court on June 27, 2018. Defendant maintains all previous objections and motions to suppress.

*Introduction:*

Mr. McDonald was arrested by agents of the Federal Bureau of Investigation ("FBI") at the airport in Manila, the Philippines. The agents were acting without legal authority to arrest him in a foreign country. The arrest violated the Fourth Amendment to the United States Constitution and due process. Any and all statements allegedly made by Mr. McDonald were made after the FBI agents exercised custodial authority over him outside their jurisdiction and any alleged statements made by him were the product or fruit of an unlawful custodial arrest. Any such statements should be suppressed and excluded.

*Supporting Facts:*

Mr. McDonald was taken into custody by FBI agents in the airport in Manila, the Philippines on August 1, 2016.  Mr. McDonald, who was 76 years old at the time, was in handcuffs when he was taken onto the plane by FBI agents.  After consultation with the flight crew, the agents decided that he would not be kept in handcuffs during the flight; they controlled whether or not he was handcuffed.

FBI agents sat on each side of Mr. McDonald from the time of takeoff from Manila until the flight landed in the United States.  On two occasions the agents noted Mr. McDonald used the restroom; when he did so he was escorted by an agent who kept the door cracked open.  At the end of the flight to Los Angeles, the agents who flew with Mr. McDonald released Mr. McDonald into the custody of other agents at the airport.

*Legal Argument:*

The arrest warrant for Mr. McDonald, an American citizen, was executed by the FBI outside the jurisdiction of the United States, at the airport in Manila, the Philippines.

Rule 4(c)(2) of the Federal Rules of Criminal Procedure provides that an arrest warrant "may be executed or a summons served, within the jurisdiction of the United States or anywhere else a federal statute authorizes an arrest."  The airport in Manila in the Philippines is not within the jurisdiction of the United States.  Neither the government nor the arresting agents have provided the Court with any authority to suggest that "a federal statute authorizes" the FBI to arrest a United States citizen on a United States warrant in a foreign country.

An arrest made outside the arresting officer's jurisdiction violates the Fourth Amendment to the Constitution.  *See e.g. Ross v. Neff*, 905 F2d 1349, 1354 (10th Cir 1990) (A warrantless arrest in Indian Territory executed by state peace officers who had no jurisdiction in that locale, was the same as a warrantless arrest without probable cause).

As an American citizen, Mr. McDonald had the right to Fourth Amendment protections from actions by United States law enforcement officials in a foreign land. In *Reid v. Covert*, 354 U.S. 1, 6 (1957), the Supreme Court stated that "[w]hen the Government reaches out to punish a citizen who is abroad, the shield which the Bill of rights and other parts of the Constitution provide to protect his life and liberty should not be stripped away just because he happens to be in another land." *Compare United States v. Verdugo-Urquidez,* 494 U.S. 259, 274 - 275 (1990) (The Fourth Amendment protection against unreasonable searches and seizures by United States agents does not apply to a nonresident alien located in a foreign country).

Mr. McDonald was clearly under arrest and in the custody of the FBI when he was arrested in the Manila airport given the extent of control exercised over his person by the agents.  He was not free to leave and his movements were controlled by the FBI.  *See e.g. Orozco v. Texas*, 394 U.S. 324 (1969) (Four officers entered defendant's boardinghouse bedroom and from the moment he gave his name the officers testified he was not free to go where he pleased and was under arrest); *See also Henry v. United States*, 361 U.S. 98, 103 (1959) ("When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete").

Because Mr. McDonald was arrested by the FBI in a foreign country, outside of the agents' jurisdiction or authority, his arrest violated the Fourth Amendment to the Constitution.

The questioning of McDonald and his alleged statements followed promptly upon his unauthorized and unlawful arrest on foreign soil by the FBI.

The exclusionary rule prohibits the prosecution from using evidence obtained in violation of a defendant's constitutional rights as direct proof of the defendant's guilt.  The Supreme Court has explained that the overriding issue in fruit of the poisonous tree cases "is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at

by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States,* 371 U.S. 471, 488 (1963) (internal quotation marks omitted). The exclusionary rule bars the admission of physical evidence and witness testimony obtained directly or indirectly through the exploitation of police illegality.

The illegal arrest of Mr. McDonald was not attenuated from the statements he made shortly thereafter on the plane returning to the United States. Mr. McDonald's statements are not rendered admissible simply because he had been given *Miranda* warnings. While a confession may be 'voluntary' for purposes of the Fifth Amendment, the voluntariness is not sufficient to purge the taint of an illegal arrest. *Taylor* at 690. A confession made less than two hours after an illegal arrest is not sufficient to purge the taint. *See Brown v. Illinois,* 422 U.S. 590, 604 (1975); *See also Taylor v. Alabama,* 457 U.S. 687, 691 (1982) (six hours not sufficient).

The burden of showing admissibility, once the illegality is raised, rests on the prosecution. *See Taylor* at 690 (1982).

BY REASON OF THE FOREGOING, Mr. McDonald moves that any statements allegedly made following his arrest in the Philippines and during his transportation to the United States from the Philippines be ordered suppressed.

        Respectfully submitted,

        /s/*Robert C. Wolfrum*
        ROBERT C. WOLFRUM
        Assistant Federal Public Defender
        1010 Market Street, Suite 200
        St. Louis, Missouri 63101
        Telephone: (314) 241-1255
        Fax: (314) 421-3177
        E-mail: Robert_Wolfrum@fd.org

        ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Rob Livergood, Assistant United States Attorney.

/s/Robert C. Wolfrum
ROBERT C. WOLFRUM
Assistant Federal Public Defender