IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CR 83 HEA |
| | ) |
| MICHAEL MCDONALD | ) |
| | ) |
|     Defendant. | ) |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

COMES NOW defendant MICHAEL MCDONALD, through his attorney, Robert C. Wolfrum, Assistant Federal Public Defender, and in Response to the Government's Motion in Limine filed on November 15, 2017, (Doc. # 79), states the following:

1. The government seeks to exclude evidence or argument relating to the possibility of an "alternate perpetrator." Mr. McDonald urges the Court to deny the government's request as it could potentially interfere with his right to testify or to argue an alternative interpretation of the trial evidence. A criminal defendant has a constitutional right to testify in his or her own defense. *Rock v. Arkansas,* 483 U.S. 44, 49 (1987) (Finding a state law excluding all hypnotically refreshed testimony infringed on defendant's right to testify, and was therefore unconstitutional). Mr. McDonald has the right to testify in his own defense based on his memory of events and circumstances – especially if those events and circumstances are exculpatory. *See United States v. Kelley,* 861 F.3d 790, 795 & 798 (8th Cir. 2017) (Defendant testified at trial that his children or his wife must have downloaded the child pornography); *United States v. Manning,* 738 F.3d 937, 942 (8th Cir. 2014) (Defendant testified at trial that he believed his wife and a man with her had either broken into his home or used remote access software to plant child pornography and chat conversations on his computer). The government cites *United States v.*

*Denoyer,* 811 F. 2d 436, 440 (8th Cir. 1987) for the proposition that testimony suggesting an alternative perpetrator is inadmissible unless that defense can demonstrate a direct line between the suspect and the crime. However, in *Denoyer* the defense offered evidence of prior bad acts by various individuals in the community an effort to cast speculative suspicion on others. *Id.* (Defendant, charged with involuntary sodomy on a child less than ten years old, offered to prove that his brother-in-law undressed a five-year-old girl at a prayer meeting and that a neighbor committed sodomy the year before). The evidence offered in *Denoyer* was not related to the charge other than by inference (e.g. the defense did not state that these individuals had access to the child victim). Testimony regarding the individuals who have access to a computer that is the evidentiary link to a child pornography charge is directly relevant and should be admitted if offered in this case.

2. The government seeks to exclude evidence, argument or examination related to the defendant's out-of-court exculpatory statements. The government has not provided the defense with discovery regarding any out-of-court exculpatory statements made by Mr. McDonald. Therefore, before the defense can address this Motion in Limine it is respectfully requested that the government provide copies of the statements it is seeking to exclude so that the defense may make an informed response to the request as such evidence is potentially admissible and relevant. *See Brady v. Maryland,* 373 U.S. 83 (1963).

3. The government requests that witnesses be excluded from the courtroom while other witnesses are testifying, except for the government's case agent. Mr. McDonald agrees that under Fed. R. Evid. 615 witnesses are to be sequestered with the exception of the government's case agent. However, the defense requests that this Court follow the good practice that the case agent who remains at counsel table with the prosecutor be asked to testify first so as to avoid giving the government an unfair advantage that its witnesses may benefit from refreshing their recollections through each other's

testimony.  *See United States v. Valencia-Riascos,* 696 F.3d 938, 943 (9th Cir. 2012) (Best practice is to have case agent testify first but not required as the prosecution may present its case without interference); *United States v. Frazier,* 417 F.2d 1138, 1139 (4th Cir. 1969) (per curiam) (Endorsing the idea that a case agent witness "should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored").  Furthermore, it is respectfully requested that the case agent be admonished not to discuss his or her testimony with another government witness and that if such discussion takes place that the Court allow the defense an evidentiary hearing to determine whether such conversation violated the sequestration order as to the non-case-agent witness or otherwise prejudiced Mr. McDonald.  *See e.g. United States v. Engelmann,* 701 F.3d 874878 (8th Cir. 2012) (Trial court abused its discretion in denying defendant's request for an evidentiary hearing that might have revealed that the government case agent's post testimony conversation with another testifying agent violated the sequestration order or prejudiced the defendant; denial of motion for new trial vacated and case remanded for evidentiary hearing).

4.      Finally, Mr. McDonald respectfully requests that his investigator <u>or</u> computer expert (who may or may not be called to testify) be given permission to remain in the courtroom during the trial because these persons have specialized knowledge of the technical software and internet issues involved in the case and will be essential to presenting Mr. McDonald's defense.  *See* Fed. R. Evid. 615(c) (The sequestration rule does not authorize excluding a person whose presence a party shows to be essential to presenting the party's claim or defense).

                              Respectfully submitted,

                              /s/*Robert C. Wolfrum*
                              ROBERT C. WOLFRUM
                              Assistant Federal Public Defender
                              1010 Market Street, Suite 200
                              St. Louis, Missouri 63101
                              Telephone: (314) 241-1255

Fax: (314) 421-3177
E-mail: Robert_Wolfrum@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Rob Livergood, Assistant United States Attorney.

/s/*Robert C. Wolfrum*
ROBERT C. WOLFRUM
Assistant Federal Public Defender